**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Tajinder Singh,
Petitioner,
v.
Fereti Semaia et al.,
Respondents.

Case No. 5:26-cv-06751-AYP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS ORDERING RELEASE OF PETITIONER**

## I. PROCEDURAL HISTORY

On November 10, 2026, Tajinder Singh, (A# 215-669-484) ("Petitioner"), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement (ICE) Facility, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1 ("Petition")). The following day he filed an application for Temporary Restraining Order (Dkt. No. 3 ("TRO")). Petitioner seeks his immediate release on the grounds that ICE violated his constitutional procedural due process and statutory rights by unlawfully detaining him without first providing adequate pre-detention notice and process.

On November 12, 2026, Petitioner consented to proceed before Magistrate

Judge, in accordance with Title 28 Section 636(c) and FED. R. CIV. P. 73(b). (Dkt. No. 4.) Also on November 12, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 6 ("General Order 26-05").) This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at 1, 3.) The General Order also requires Respondents to file a notice of withdrawal of consent within 3 days of service of the petition, or within 24 hours of service if an application for a TRO accompanies the petition. (General Order 26-05 at 2.) To date, Respondents have not filed a timely withdrawal of consent, an answer, or otherwise communicated with the Court. In light of the absence of an answer or response, the Court deems the Petition unopposed.

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately under the same conditions he was subject to before his current detention.

## II. FACTUAL BACKGROUND

Petitioner entered the United States on or about June 4, 2018, near San Ysidro, California. (Pet. ¶ 23.) After an asylum officer found that he had a credible fear of persecution or torture, DHS issued a Notice to Appear dated August 24, 2018. *Id.* On August 24, 2018, Department of Homeland Security ("DHS") issued a Notice of Custody Determination under section 236 of the Immigration and Nationality Act, and Petitioner requested review by an Immigration Judge ("IJ"). (Pet. ¶ 24.) On September 7, 2018, an IJ of the Adelanto Immigration Court ordered Petitioner released upon posting a bond of $22,000. (Pet. ¶ 25.) The order was entered by stipulation of the parties, and both parties waived appeal. *Id.* On September 13, 2018, ICE notified the

Immigration Court that Petitioner had been released on that bond and reported the New York address at which he would live. (Pet. ¶ 26.) For more than eight (8) years, Petitioner lived at liberty in the United States, first in New York and later in Fresno, California. (Pet. ¶ 27.) The records produced by the Government contain no notice that his bond was breached and no indication that he violated any condition of his release. *Id.* His FBI identification record contains a single entry, his 2018 fingerprinting by U.S. Border Patrol, and reflects no arrest, charge, or conviction. *Id.* On September 5, 2024, the IJ dismissed Petitioner's removal proceedings. (Pet. ¶ 28.) No appeal was filed, no hearings are scheduled, and Petitioner has no final order of removal from the immigration court. *Id.* Petitioner's Form I-589 is on file with U.S. Citizenship and Immigration Services ("USCIS"), which issued a receipt notice on November 27, 2024, acknowledging the application as pending since December 4, 2018. (Pet. ¶ 29.) In October 2025, USCIS mailed him an employment authorization card issued on the basis of that pending application. *Id.*

On November 7, 2026, ICE detained Petitioner at a gas station. (Pet. ¶ 30.) He is detained at the Adelanto ICE Processing Center. *Id.* The records contain no warrant of arrest, no Notice to Appear, no other charging document issued in connection with the November 7, 2026, detention, and no written statement of the reasons for it. (Pet. ¶ 31.) Nothing in the record suggests that Petitioner received notice before he was detained or any opportunity to be heard. *Id.* While detained, Petitioner cannot work under the authorization USCIS granted him, cannot support himself, and is held far from the Fresno community in which he lived. (Pet. ¶ 32.)

Petitioner argues that his re-detention without notice or a pre-deprivation hearing violated his due process rights. (Pet. at 8.) He has lived freely in the U.S. for eight (8) years and argues Respondents revoked his release

and liberty interest without proper notice and hearing before he was detained. *Id.*

## III. ANALYSIS

Petitioner has a protected due process interest in being released, as he was released by an IJ on bond and has lived in this country for about eight (8) years. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Respondent's failure to respond to Petitioner's claims constitutes forfeiture of any arguments they could have made in opposition. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the

opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (citation modified).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, he has complied with the terms of his release and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-appearance and non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Therefore, the Court concludes Petitioner has made a showing that he is entitled to relief on his procedural due process claim, and immediate release is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus.

1. Respondents must IMMEDIATELY RELEASE Petitioner Tajinder Singh (A#215-669-484) from custody and return him under the same conditions he was subject to before his detention on November 7, 2026. At the time of release, Respondents must return all of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

Respondents shall file a "Notice of Release" within three (3) days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings and of Petitioner's release.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, absent strict compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future

immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate flight risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion for Temporary Restraining Order (Dkt. No. 3) is DENIED as moot.

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

Dated: November 19, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE